1

2

3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

4

5

6

7

8

9

Hoang Kim Tran,

　　　　　　　　Plaintiff,

　　v.

City of Las Vegas, *et al.*,

　　　　　　　　Defendants.

Case No. 2:22-cv-00203-ART-BNW

**SCREENING ORDER AND
REPORT AND RECOMMENDATION**

10   　　　Hoang Kim Tran brings this civil-rights case under 42 U.S.C. § 1983 for events that

11   occurred on March 28, 2021 after police officers ordered him to step out of his car. Plaintiff

12   moves to proceed *in forma pauperis*. ECF No. 8. He submitted the declaration required by 28

13   U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No.

14   18. His request to proceed *in forma pauperis* will, therefore, be granted.

15   　　　The Court now screens Plaintiff's complaint (ECF No. 1-1) as required by 28 U.S.C. §§

16   1915(e)(2) and 1915A.

17   **I.　　Analysis**

18   　　**A.　　Screening Standard for Pro Se Prisoner Claims**

19   　　　Federal courts must conduct a preliminary screening in any case in which a prisoner seeks

20   redress from a governmental entity or officer or employee of a governmental entity. *See* 28

21   U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any

22   claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

23   monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),

24   (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act

25   requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief

26   may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6).

27   　　　Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for

28   failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668

1   F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient

2   factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft*

3   *v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only

4   dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

5   his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.

6   2014) (quoting *Iqbal*, 556 U.S. at 678).

7          In considering whether the complaint states a claim, all allegations of material fact are

8   taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v.*

9   *Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the

10  standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide

11  more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

12  (2007).  A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But unless it

13  is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff

14  should be given leave to amend the complaint with notice regarding the complaint's deficiencies.

15  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

16          **B.      Screening the Amended Complaint**

17          Here, Plaintiff alleges that on March 28, 2021, he fell asleep in his car and was awakened

18  by Las Vegas Metropolitan Police (LVMPD) officers ordering him to exit. He refused to come

19  out of the car. After about an hour, he got out of the car holding a can of gasoline and threatened

20  to pour it on himself and ignite it unless the police retreated. He started walking away and was

21  eventually met by the police with their guns drawn. He dropped to his knees. Even though he was

22  not resisting, a dog was unleashed. The dog bit his arm and torso, and ultimately, chewed off his

23  right nipple. Plaintiff lost consciousness and awoke in the hospital. He asserts that he is now

24  disfigured for life and brings several claims.

25          **1.      Mayhem Claim**

26          Mayhem is a criminal charge, not a civil claim for which relief can be granted. *See* NRS

27  200.280. Given this, the Court recommends that Plaintiff's mayhem claim be dismissed with

28  prejudice.

1    **2.    Eighth Amendment Claim**

2    The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII.

3    The Eighth Amendment's prohibition on cruel and unusual punishment applies only to those who

4    have been convicted. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Before

5    conviction, when someone is being apprehended by law enforcement, claims related to excessive

6    force implicate the Fourth Amendment's guarantee to be free from unreasonable seizures. U.S.

7    Const. amend. IV; see *Graham*, 490 U.S. at 394.

8    Here, Plaintiff cannot state a claim for cruel and unusual punishment under the Eighth

9    Amendment as a matter of law. This is so because he alleges that he was injured before being

10    convicted. Accordingly, the Court will recommend that his Eighth Amendment claim be

11    dismissed with prejudice.

12    **3.    Fourth Amendment Claim Against Doe Officers 1-5 in Their**
            **Individual Capacities**
13

14    Plaintiff brings a § 1983 claim against the City of Las Vegas and five police officers (in

15    their official and individual capacities) for violations of his Fourth Amendment rights.

16    Section 1983 provides a cause of action for the violation of constitutional or other federal

17    rights by persons acting under color of state law. *Long v. Cnty. of Los Angeles*, 442 F.3d 1178,

18    1185 (9th Cir. 2006); *Jones*, 297 F.3d at 934. To state a claim under Section 1983, a plaintiff is

19    required to show that (1) the defendant acted under color of state law and (2) the defendant

20    deprived him of rights secured by the Constitution or federal law. *Benavidez v. Cnty. of San*

21    *Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (*citing Long*, 442 F.3d at 1185; *West v. Atkins*, 487

22    U.S. 42, 48 (1988)).

23    A claim of excessive force during an arrest is analyzed under the Fourth Amendment's

24    "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395-97 (1989). Whether

25    the use of force by a law enforcement officer was objectively reasonable must be assessed "in

26    light of the facts and circumstances confronting [the officer], without regard to their underlying

27    intent or motivation." *Id.* at 397. "Determining whether the force used to effect a particular

28

1    seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and

2    quality of the intrusion of the individual's Fourth Amendment interests against the countervailing

3    governmental interests at stake." *Id.* at 396 (internal quotations omitted). In this analysis, the

4    Court must consider the following factors: (1) the severity of the crime at issue; (2) whether the

5    plaintiff posed an immediate threat to the safety of the officers or others; and (3) whether the

6    plaintiff actively resisted arrest. *Id.*; *see also Arpin v. Santa Clara Valley Transp. Agen*cy, 261

7    F.3d 912, 921 (9th Cir. 2001). While the *Graham* factors are guidelines, "there are no per se rules

8    in the Fourth Amendment excessive force context," and the Court may examine the totality of the

9    circumstances. *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir.2011) (en banc).

10           Here, Plaintiff alleges that an officer unleashed his dog while Plaintiff was kneeling with

11   his hands up. He also alleges Officers 2-5 were standing by and watching. Liberally construing

12   Plaintiff's allegations, there is no indication that a crime was being committed when Plaintiff was

13   attacked. Additionally, Plaintiff alleges that he did not pose a threat to officers or anyone else at

14   the time the dog was unleashed. Plaintiff also alleges that he was not resisting arrest when the dog

15   was unleashed but rather kneeling. Accordingly, Plaintiff asserts a colorable excessive force

16   claim against Doe Officers 1-5 in their individual capacities. *See Cunningham v. Gates*, 229 F.3d

17   1271, 1289 (9th Cir. 2000) (holding that officers can be held liable for failing to intercede only if

18   they had an opportunity to intercede).

19           However, this matter cannot proceed because Plaintiff's only potentially cognizable claim

20   is asserted against these Doe defendants that cannot presently be served.[1] Although the use of

21   "Doe" to identify a defendant is not favored, flexibility is allowed in some cases where the

22   identity of the parties is not known prior to filing a complaint but can subsequently be determined

23   through discovery. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Such a course of

24   action might be appropriate when a matter may proceed to discovery. This matter, however,

25   cannot proceed to discovery because the complaint cannot be served on any party in the first

26

27   ─────────────────────

28   [1] As discussed below, the Court finds that Plaintiff's claims against the City and the Doe Officers in their
     official capacity cannot proceed at this time.

1  instance. The Court cannot order service of a complaint on an unknown person. Any attempt to

2  serve the complaint on the Doe Officers would be futile. Before Plaintiff may proceed on his

3  claims against any Doe Officer, he must amend his complaint and identify these Doe defendants.

4       One method Plaintiff may try to identify these Doe defendants prior to service of his

5  complaint is through Federal Rule of Civil Procedure 45. Rule 45 provides the only way to get

6  information from companies, people, or entities that are not named in a lawsuit. *Allen v.*

7  *Woodford*, 543 F. Supp. 2d 1138, 1145 (E.D. Cal. 2008). This is done by obtaining a Rule 45

8  subpoena duces tecum, which is a document that requires the person served with the Rule 45

9  subpoena to provide requested information in their possession.

10       If Plaintiff uses this method, he must file a motion for the Court to issue a Rule 45

11  subpoena duces tecum. Plaintiff must attach a copy of his proposed Rule 45 subpoena to his

12  motion, and his motion must clearly identify the documents that would have the information he is

13  seeking (e.g., the police report from his encounter with LVMPD on March 28, 2021) and must

14  also explain why the documents and information would be available from the company, entity, or

15  person that is the target of the subpoena (e.g., LVMPD). Plaintiff is directed to carefully review

16  Rule 45 of the Federal Rules of Civil Procedure before filing such a motion.

17          **4.**    **The City of Las Vegas**

18       The City of Las Vegas "may be sued under Section 1983; that, however, does not make

19  the City liable to every plaintiff who sues. Because its 'liability is limited to actions for which the

20  municipality is actually responsible,' it cannot be properly sued for the actions of an entirely

21  different government entity.'" *Belcher-Bey v. City of Las Vegas*, No. 2:12-CV-01829-JAD, 2014

22  WL 1153468, at *2 (D. Nev. Mar. 20, 2014). "Nevada state law expressly confines responsibility

23  for LVMPD-employee actions to LVMPD itself; it does permit other independent political

24  subdivisions of the state to be held responsible for LVMPD's conduct." *Id.* at *3. To the extent

25  Plaintiff alleges LVMPD is responsible for the incident in question, he must name LVMPD as a

26

27

28

defendant (but has not done so yet).[2] Here, "[b]ecause the Complaint offers no allegation from

which the court could infer misconduct by a City employee," Plaintiff "failed to state a

cognizable claim for relief against the City." *Id.* Accordingly, the Court will recommend

dismissal of the City of Las Vegas without prejudice.

### 5.    Doe Officers 1-5 Sued in Their Official Capacity

Plaintiff states that he is suing LVMPD Officers in their official and individual capacities.

Generally, state officers sued in their official capacity are not "persons" under § 1983 and

therefore may not be sued under the statute. *Hafer v. Milo*, 502 U.S. 21, 27 (1991); *Aguon v.*

*Commonwealth Ports Auth.*, 316 F.3d 899, 901 (9th Cir. 2003). Official capacity claims filed

against state officials are an alternative way of pleading a claim against the entity for which the

defendant is an officer. *See Hafer*, 502 U.S. at 25. To bring a claim against an officer in his

official capacity, a plaintiff must demonstrate that a policy or custom of the governmental entity

for which the official is an agent was the moving force behind the violation. *Id.*

Here, Plaintiff did not allege that a LVMPD policy or custom was the moving force

behind the violation of his rights. Accordingly, the Court will dismiss Plaintiff's claims against

Doe Officers 1-5 in their official capacity without prejudice.

## II.    Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's application for leave to proceed *in*

*forma pauperis* (ECF No. 8) is **GRANTED**. Plaintiff is permitted to maintain this action to

conclusion without prepaying fees or costs or giving security for them.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and file Plaintiff's

complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff's Fourth Amendment Excessive Force Claim

against Doe Officers 1-5 in their individual capacities is dismissed without prejudice and with

---

[2] Should Plaintiff amend his complaint and name LVMPD as a defendant, he must also allege that a policy or custom of LVMPD was the moving force behind the violation of his rights.

1    leave to amend to name Doe Defendants 1-5. If Plaintiff chooses to file an amended complaint, he

2    must do so by December 1, 2022.

3        **IT IS FURTHER ORDERED** that the Clerk of Court shall send Plaintiff form AO 88B

4    for a subpoena to produce documents in a civil case.

5        **IT IS RECOMMENDED** that:

6        • the City of Las Vegas be dismissed without prejudice;

7        • Plaintiff's Fourth Amendment excessive force claim against Doe Officers 1-5 in

8            their official capacities be dismissed without prejudice;

9        • Plaintiff's Eighth Amendment claim be dismissed with prejudice; and

10        • Plaintiff's mayhem claim be dismissed with prejudice;

11                                    **NOTICE**

12        This report and recommendation is submitted to the United States district judge assigned

13    to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation

14    may file a written objection supported by points and authorities within fourteen days of being

15    served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely

16    objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d

17    1153, 1157 (9th Cir. 1991).

18

19        DATED: August 30, 2022

20

21                                    _____
                                       BRENDA WEKSLER
22                                     UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28