UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HOANG KIM TRAN,<br><br>　　　　　　　Plaintiff,<br>　v.<br>CITY OF LAS VEGAS, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 2:22-cv-00203-ART-BNW<br><br>ORDER |

*Pro se* Plaintiff Hoang Kim Tran brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Brenda Weksler (ECF No. 19), recommending that: (1) the City of Las Vegas be dismissed without prejudice; (2) Tran's Fourth Amendment excessive force claim against Doe Officers 1-5 in their official capacities be dismissed without prejudice; (3) Tran's Eighth Amendment claim be dismissed with prejudice; and (4) Tran's mayhem claim be dismissed with prejudice. Tran had until September 13, 2022 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will dismiss the City of Las Vegas and Tran's Fourth Amendment claim against Doe Officers 105 in their official capacities without prejudice and will dismiss Tran's Eighth Amendment and mayhem claims with prejudice. The Court will also grant Tran until December 1, 2022 to file a motion for a subpoena to identify the Doe Officers and will extend Tran's time to file an amended complaint if Tran files a motion for a subpoena by that time.

　　　The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not

required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia,* 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Weksler did not clearly err. Here, Judge Weksler recommends dismissal of the City of Las Vegas without prejudice because the Las Vegas Metropolitan Police Department ("LVMPD"), not the City of Las Vegas, is the entity which is potentially liable for the conduct of LVMPD employees. (ECF No. 19 at 3.) Judge Weksler recommends dismissal without prejudice of Tran's Fourth Amendment claim against Doe Officers 1-5 in their official capacities because a lawsuit against an LVMPD Officer in their official capacity is the equivalent of a lawsuit against LVMPD itself, which requires a plaintiff to demonstrate that a policy or custom of LVMPD was the moving force behind the injuries experienced by the plaintiff, which Tran has not done. (*Id.* at 6.) Finally, Judge Weksler recommends dismissal of Tran's Eighth Amendment claim because the Eighth Amendment has no application outside the prison context, which is where Tran received his injuries, and recommends dismissal of Tran's mayhem claims because mayhem is not a civil action. (*Id.* at 2-3.) The Court agrees with Judge Weksler. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

In the R&R, Judge Weksler also screened Tran's complaint and ordered that Trans's Fourth Amendment excessive force claim against Doe Officers 1-5 in their individual capacities be dismissed without prejudice and with leave to

amend because the Court cannot order the service of the complaint and proceed in this case unless these defendants are identified. Judge Weksler explained that Tran may ascertain the identities of the Doe Officers from LVMPD by filing a motion for a subpoena and attaching a proposed subpoena, namely a completed form AO 88B which describes the LVMPD document(s) that will provide Tran with the necessary information, such as the police report from the incident. The Court attached a copy of a form AO 88B to the R&R and gave Tran until December 1, 2022 to file an amended complaint.

As of the date of this order, Tran has not filed an amended complaint, nor a motion for a subpoena. Per Judge Weksler's order, Tran has until December 1, 2022 to file an amended complaint. In order to ensure Tran has the opportunity to litigate this case against the proper defendants, the Court will grant Tran additional time to file an amended complaint if Tran files a motion for a subpoena with the completed form AO 88B by December 1, 2022. The Court will also order that another copy of the AO 88B form be provided to Tran for Tran's convenience. If Tran does not file a motion for a subpoena by that time, the deadline of December 1, 2022 to file an amended complaint will remain the same.

It is therefore ordered that Judge Weksler's Report and Recommendation (ECF No. 19) is accepted and adopted in full.

It is further ordered that the City of Las Vegas is dismissed without prejudice from this case.

It is further ordered that Tran's Fourth Amendment excessive force claim against Doe Officers 1-5 in their official capacities is dismissed without prejudice.

It is further ordered that Tran's Eighth Amendment claim is dismissed with prejudice.

It is further ordered that Tran's mayhem claim is dismissed with prejudice.

It is further ordered that Tran have until December 1, 2022 to file a motion for a subpoena. If Tran files a motion for a subpoena by that time, the Court will

grant Tran additional time to file an amended complaint. If Tran does not file either an amended complaint or a motion for a subpoena by December 1, 2022, the Court will dismiss this case without prejudice.

    It is further ordered that the Clerk of Court shall send Tran form AO 88B for a subpoena to produce documents in a civil case.

DATED THIS 22nd Day of September 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE