**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Hoang Kim Tran,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>City of Las Vegas, et.al.,<br><br>　　　　　　　Defendants. | Case No. 2:22-cv-00203-ART-BNW<br><br>**ORDER** |

　　　　Pro se plaintiff filed documents initiating this case on February 2, 2022. ECF No. 1. The Court screened the complaint and issued a Report and Recommendation (R&R) on August 30, 2022. The R&R was accepted and adopted in full on September 23, 2022. ECF No. 21. The deadline for Plaintiff to file a First Amended Complaint (FAC) was December 1, 2022. *Id*. Plaintiff filed the FAC on October 7, 2022. ECF No. 22. The Court now screens Plaintiff's complaint.

**I.	ANALYSIS**

　　**A.	Screening Standard**

　　　　Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

1 his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.
2 2014) (quoting *Iqbal*, 556 U.S. at 678).

3     In considering whether the complaint is sufficient to state a claim, all allegations of
4 material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*
5 *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).
6 Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff
7 must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.
8 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But
9 unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se
10 plaintiff should be given leave to amend the complaint with notice regarding the complaint's
11 deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

    **B.**    **Screening the Complaint**

    Here, even liberally construing the amended complaint in Tran's favor, it fails to state a claim upon which relief can be granted. Tran's handwriting is mostly illegible, making it impossible for the Court decipher all his allegations. In turn, the Court cannot evaluate whether Plaintiff states any claims for relief. The Court noted this issue before. *See* ECF Nos. 14 and 17. The Court therefore will dismiss the FAC without prejudice for Tran to file a Second Amended Complaint. If Tran chooses to file a Second Amended Complaint, it must be clearly printed or typed.

    The Second Amended Complaint must be complete in and of itself. If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete by itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file his amended complaint on this Court's approved form, which the Clerk of Court will send Plaintiff.

## II. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's First Amended Complaint (ECF No. 22) is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that the Clerk of Court shall mail Plaintiff a copy of the prisoner pro se form complaint.

IT IS FURTHER ORDERED that if Plaintiff chooses to amend his complaint, he must do so by March 24, 2023. Failure to comply with this order will result in a recommendation that this case be dismissed.

DATED: February 24, 2023

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE