# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Hoang Kim Tran, | Case No. 2:22-cv-00203-ART-BNW |
| Plaintiff, | |
| v. | **SCREENING ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| City of Las Vegas, *et al.*, | |
| Defendants. | |

## I.    Procedural history

Hoang Kim Tran brings this civil-rights case under 42 U.S.C. § 1983 for events that occurred on March 28, 2021 after police officers ordered him to step out of his car. Plaintiff is proceeding *in forma pauperis*. ECF No. 19.

Plaintiff filed his complaint on February 2, 2022. ECF No. 1-1. The Court screened the Complaint on August 30, 2022. ECF No. 9. The Court ordered that the Fourth Amendment Excessive Force Claim against Doe Officers 1-5 in their individual capacities be dismissed without prejudice. ECF No. 21. In addition, the Court recommended that that: (1) the City of Las Vegas be dismissed without prejudice, (2) the Fourth Amendment Excessive Force Claim against Doe Officers 1-5 in their official capacities be dismissed with prejudice, (3) the Eighth Amendment claim be dismissed with prejudice, and (4) the Mayhem claim be dismissed with prejudice. *Id*. The District judge adopted the Report and Recommendation in full. ECF No. 21.

## II.    Amended Complaint

Plaintiff filed an amended complaint.[1] ECF No. 25. He alleges that on March 28, 2021, he fell asleep in his car and was awakened by Las Vegas Metropolitan Police (LVMPD) officers ordering him to exit the car. He refused to come out. After about an hour, he got out of the car

---

[1] Plaintiff's amended complaint at ECF No. 22 was dismissed without prejudice as it was not legible. ECF No. 23. Subsequently, Plaintiff filed an amended complaint at ECF No. 24 and an identical complaint at ECF No. 25.

1    holding a can of gasoline and threatened to pour it on himself and ignite it unless the police

2    retreated. He started walking away and was eventually met by the police with their guns drawn.

3    He dropped to his knees. Even though he was not resisting, a dog was unleashed. Plaintiff alleges

4    Officer Murano released the dog and that Officers Ortega, Lomoglio, Raso, and Stokey witnessed

5    (without intervening) the unleashing of the dog on Plaintiff. The dog bit his arm and torso, and

6    ultimately, chewed off his right nipple. Plaintiff lost consciousness and awoke in the hospital. He

7    asserts that he is now disfigured for life.

8        He now brings the following claims against Officers Murano Ortega, Lomoglio, Raso, and

9    Stokey in their individual and official capacities: (1) excessive force and (2) mayhem.

10    **III.    Analysis**

11        **A.     Screening Standard for Pro Se Prisoner Claims**

12        Federal courts must conduct a preliminary screening in any case in which a prisoner seeks

13    redress from a governmental entity or officer or employee of a governmental entity. *See* 28

14    U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any

15    claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

16    monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),

17    (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act

18    requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief

19    may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. P. 12(b)(6).

20        Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for

21    failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668

22    F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient

23    factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft*

24    *v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only

25    dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

26    his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.

27    2014) (quoting *Iqbal*, 556 U.S. at 678).

28

In considering whether the complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.      Excessive Force Claim**

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones*, 297 F.3d at 934. To state a claim under Section 1983, a plaintiff is required to show that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (*citing Long*, 442 F.3d at 1185; *West v. Atkins*, 487 U.S. 42, 48 (1988)). Here, Plaintiff alleges officers were acting under color of state law and that they deprived him of his right to be free from the use of excessive force. Although he brings this claim under the Fourteenth and Fifth Amendment, the Court construes this claim (as it previously did) under the Fourth Amendment.

A claim of excessive force during an arrest is analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395-97 (1989). Whether the use of force by a law enforcement officer was objectively reasonable must be assessed "in light of the facts and circumstances confronting [the officer], without regard to their underlying intent or motivation." *Id.* at 397. "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion of the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (internal quotations omitted). In this analysis, the

Court must consider the following factors: (1) the severity of the crime at issue; (2) whether the plaintiff posed an immediate threat to the safety of the officers or others; and (3) whether the plaintiff actively resisted arrest. *Id.*; *see also Arpin v. Santa Clara Valley Transp. Agen*cy, 261 F.3d 912, 921 (9th Cir. 2001). While the *Graham* factors are guidelines, "there are no per se rules in the Fourth Amendment excessive force context," and the Court may examine the totality of the circumstances. *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (en banc).

Here, Plaintiff alleges that Officer Murano unleashed his dog while Plaintiff was kneeling with his hands up. He also alleges the other officers were standing by and watching. Liberally construing Plaintiff's allegations, there is no indication that a crime was being committed when Plaintiff was attacked. Additionally, Plaintiff alleges that he did not pose a threat to officers or anyone else at the time the dog was unleashed. Plaintiff also alleges that he was not resisting arrest when the dog was unleashed, but rather kneeling. Accordingly, Plaintiff asserts a colorable excessive force claim against Officers Ortega, Lomoglio, Raso, Stokey, and Murano.

### i.  Individual capacity

State officials sued in their personal capacity are persons for purposes of § 1983. *See Hafer*, 502 U.S. at 31; *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003). Thus, Plaintiff may proceed with his claim against Officers Ortega, Lomoglio, Raso, Stokey, and Murano in their individual capacities. *See Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) (holding that officers can be held liable for failing to intercede if they had an opportunity to intercede).

### ii.  Official capacity

As previously explained, state officers sued in their official capacity are not "persons" under § 1983 and therefore may not be sued under the statute. *Hafer v. Milo*, 502 U.S. 21, 27 (1991); *Aguon v. Commonwealth Ports Auth.*, 316 F.3d 899, 901 (9th Cir. 2003). Official capacity claims filed against state officials are an alternative way of pleading a claim against the entity for which the defendant is an officer. *See Hafer*, 502 U.S. at 25. To bring a claim against an officer in his official capacity, a plaintiff must demonstrate that a policy or custom of the governmental entity for which the official is an agent was the moving force behind the violation. *Id.* Here, Plaintiff did not allege that a LVMPD policy or custom was the moving force behind the

violation of his rights. This is so even though the court previously explained this was needed to bring a claim against the officers in their official capacity. ECF No. 19 at 6.

Accordingly, the Court recommends that Plaintiff's claims against Officers Oretga, Lomoglio, Raso, Stokey, and Murano in their official capacity be dismissed without prejudice.

**C. Mayhem Claim**

Plaintiff's second claim is for mayhem. However, as explained in the previous screening order, mayhem is not a civil claim for which relief can be granted. *See* NRS 200.280. ECF No. 19. This claim has already been dismissed with prejudice. ECF No. 21.

## IV. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Fourth Amendment excessive force claim against Officers Ortega, Lomoglio, Raso, Stokey, and Murano in their individual capacities may proceed.

**IT IS RECOMMENDED** that Plaintiff's Fourth Amendment excessive force claim against Officers Ortega, Lomoglio, Raso, Stokey, and Murano in their official capacities be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court must send Plaintiff five blank copies of form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff shall have 30 days to fill out the required USM-285 forms and send them to the U.S. Marshals Service. On the forms, Plaintiff must fill in defendants' last-known addresses.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue summonses for the defendants.

**IT IS FURTHER ORDERED** that the Clerk of Court serve a copy of this order, the issued summonses, and the operative complaint (ECF No. ECF No. 25) on the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that upon receipt of the USM-285 forms, the U.S. Marshals Service shall, in accordance with Federal Rule of Civil Procedure 4(c)(3), attempt service on the defendants.

1       **IT IS FURTHER ORDERED** that, within 90 days of today's order, the U.S. Marshals

2   Service shall file the summonses returned as executed or a notice indicating why service has not

3   been effectuated.

4

5                                                **NOTICE**

6       This report and recommendation is submitted to the United States district judge assigned

7   to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation

8   may file a written objection supported by points and authorities within fourteen days of being

9   served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely

10  objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d

11  1153, 1157 (9th Cir. 1991).

12

13      DATED: April 21, 2022

14

15                                                  _____
                                                    BRENDA WEKSLER

16                                                  UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28