UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| HOANG KIM TRAN, | Case No. 2:22-cv-00203-ART-BNW |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| CITY OF LAS VEGAS, *et al.*, | |
| Defendants. | |

On February 2, 2022, Plaintiff Hoang Kim Tran ("Plaintiff"), an inmate at Southern Desert Correctional Center, filed a Complaint against several METRTO officers. ECF No. 1. Plaintiff is proceeding *pro se* and *in forma pauperis*. ECF Nos 1, 19.

The Court screened Plaintiff's amended complaint and allowed the Fourth Amendment claim for excessive force to proceed against Defendants Ortega, Lomoglio, Raso, Stokey, and Murano in their individual capacities. ECF No. 27.

The Court ordered that service of the summonses and the amended complaint upon Defendants be effected by the United States Marshal ("USM"). ECF No. 27.

On May 31, 2023, a completed USM-285 Process Receipt and Return was filed, which indicates that the USM attempted to serve these Defendants but was advised "LVMPD requests P# be provided to correctly identify [officers]. There are multiple staff with the same last name." ECF No. 29.

This Court has an obligation to construe, administer and employ the Federal Rules of Civil Procedure in a manner "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1 ("Rule 1"). Although the initial disclosure requirements of Rule 26(a)(1)(A) do not apply in cases brought by persons in the custody of a state who is without counsel (Fed. R. Civ. P. 26(a)(1)(B)(iv)), the Supreme Court has held, in a pro per prisoner civil rights case, that trial courts have "broad discretion" under Rule 26 to manage discovery "to

facilitate [the] prompt and efficient resolution of the lawsuit." *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998).

Although an incarcerated IFP pro se plaintiff is entitled to rely on the USM to effect service of process, it is ultimately a plaintiff's responsibility to provide the USM "sufficient identifying information, including a full name and a current address for the unserved defendants, so they can be served." *Thomas v. Ellis*, 2014 WL 116286, at *6 (N.D. Cal. Jan. 13, 2014). At the same time, this Court has an "obligation to assist a pro se incarcerated litigant to obtain discovery ... so that service can be effected." *Carpio v. Luther*, 2009 WL 605300, at *1 (W.D. N.Y. Mar. 9, 2009) (*citing Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997)); *see also Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, 790 (7th Cir. 1995) ("[B]ecause plaintiff] is a prisoner he may not be in a position to identify the proper defendants, or all of them in his complaint.... We think it is the duty of the district court to assist [the incarcerated pro se litigant], within reason, to make the necessary investigation.").

METRO has advised that additional information is required to effectuate service. Plaintiff has a right to discovery regarding the full names and "P numbers" of the Defendants. Immediate limited discovery directed to Defendants regarding the full name and "P numbers" appears to be warranted. The Court will provide Defendants an opportunity to be heard upon the propriety of such an order.

Therefore, by no later than June 28, 2023, METRO shall file and serve upon Plaintiff either an Objection or a Statement of Non-Opposition to the issuance of an Order directing METRO to (1) determine which officers by the last names of Ortega, Lomoglio, Raso, Stokey, and Murano may have been on duty on March 28, 2021 at approximately 9:30 a.m. responding to a situation roughly corresponding to that described Plaintiff's amended complaint; and (2) file a notice advising the Court and Plaintiff, by no later than July 21, 2023, as to: (a) what METRO was able to determine, (b) to the extent METRO was able to determine which officers are the named defendants, the names of the Defendants for whom it accepts service and the names of the defendants for whom it does not accept service, and (c) for the Defendants for whom it does not

1 accept service, whether it is willing to file their last known address under seal with the Court so
2 that the USM can attempt service on those Defendants.
3     IT IS SO ORDERED.
4     IT IS FURTHER ORDERED that the USM serve this Order on METRO Assistant
5 General Counsel Ruth Miller.
6     DATED: June 7, 2022.

                                                     BRENDA WEKSLER
                                                     UNITED STATES MAGISTRATE JUDGE